IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V. CASE NO. 1:19CR147-SA

LUIS MIGUEL GONZALEZ-TELLO DEFENDANT

ORDER GRANTING CONTINUANCE

Now before the Court is the Government's Unopposed Motion [26] to Continue Trial and Pre-trial Deadlines requesting a continuance of the current March 17, 2020 trial setting of this cause. In the Motion [26], which the Defendant does not oppose, the Government notes that "the World Health Organization, along with the Centers for Disease Control and Prevention, has declared a global pandemic related to the spread of the COVID-19 virus, commonly known as the 'coronavirus.' . . . The Mississippi Department of Health has recommended that the public avoid large gatherings and limit face to face contact when possible." A continuance is requested on these grounds.

The Speedy Trial Act authorizes a district judge to grant a continuance of a criminal trial if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Act further instructs that "[n]o such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*. Additionally, the Act sets forth the following factors that should be considered in granting an "ends of justice" continuance:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

The Government cites two cases where it has been previously held that Section 3161(h)(7) authorizes a district court to manage its docket and delay a pending trial date in the case of a natural disaster without violating a defendant's Sixth Amendment right to a speedy trial. *See Furlow v. United States*, 644 F.2d 764, 768-69 (9th Cir. 1981) (delaying trial as a result of the eruption of Mount St. Helens); *U.S. v. Correa*, 182 F.Supp.2d 326, 330 (S.D.N.Y. 2001) (delaying trial as a result of the terrorist attacks on September 11, 2001).

Furthermore, the District Court of the Virgin Islands has previously continued a criminal trial when the defendant had been exposed to chickenpox while in custody. *U.S. v. Allen*, 2012 WL

3763910 (D. V.I. Aug. 30, 2012). The defendant was scheduled to proceed to trial during the time period while he was in mandatory quarantine. *Id*. at *1. The district court was advised via letter from a doctor submitted by the government that "there is a potential for [the defendant] to spread the virus to others during transport and/or court hearings." *Id*. at *3. The district court ultimately continued the defendant's trial, noting that "[u]nder these circumstances, including the obvious benefit to the public of containing a harmful contagion, the Court finds that the 'ends of justice served by the granting of a continuance outweigh the best interest of the public and the defendant in a speedy trial . . . the Court's 'ends of justice' continuance is driven by public health concerns, rather than the impossibility of a future proceeding; a potential miscarriage of justice; the complexity of the case; the timing of the arrest of indictment; or interference with either party's representation." *Id*. at *4, 5.

The Court finds that the public health concerns associated with the COVID-19 pandemic warrants the continuance of the trial of this cause. As in *Allen*, the Court's continuance of this matter is driven by public health concerns, including the safety of jurors, counsel, court personnel, and the defendant himself, rather than the enumerated 3161(h)(7)(B)(i)-(iv) factors. Recognizing the significance of the current public safety issue associated with the COVID-19 pandemic, the Court finds that the ends of justice will be served by granting the subject continuance.

THEREFORE, it is hereby **ORDERED**, that the pending Unopposed Motion to Continue [26] is **GRANTED** and that the trial of this matter is **CONTINUED**, as to the Defendant from March 17, 2020 until May 4, 2020 in Oxford, Mississippi at 9:40 a.m. The plea agreement deadline is reset for April 20, 2020. The pre-trial motion deadline is reset for April 13, 2020. It is further **ORDERED** that the delay from this date until commencement of the trial shall be excluded from all computations relative to the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), as to the Defendant.

SO ORDERED this 13th day of March, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE